PIERCE, Judge.
Appellant Mary Ellen Schordene (hereinafter Schordene) appeals to this Court from a final judgment entered by the Circuit Court for Pinellas County against her, as plaintiff below, and in favor of appellee Nicholas John La Duca, defendant below (hereinafter La Duca).
Schordene and her husband lived happily together for many years prior to his death on December 20, 1956. For approximately the last two years of his life they owned and operated a filling station and restaurant. Working with them in the business was their daughter Veronica and her husband La Duca. After Mr. Schordene’s death, Schordene purchased the interest of his two brothers, with whom he had been in partnership, in three lots in Pinellas County for $10,000. Schordene deeded these three lots on May 5, 1958 to her daughter Veronica and son-in-law La Duca. There was no condition, collateral understanding, or agreement, between them concerning the conveyance or the purpose of the deed except that it was to convey title to the lots. Sometime, either before or after the deed was signed, as to which the record is vague, Schordene commented to them something to the effect that “after I am gone you can have it.” It is not contended that La Duca did anything to trick Schordene into execution of the deed or brought any pressure upon her to do anything against her will.'
In 1964 the La Ducas had marital troubles, resulting in their divorce. At about this time, in June of 1964, Veronica quit-claimed her interest in the property to her husband La Duca in contemplation, at least on her part, that he at some time in the future would deed the property back to Schordene. It is not contended that any debilitating influences were used or brought to bear against Veronica to get her to sign.
After Schordene deeded the property away in May of 1958 the La Ducas thereafter paid all taxes on the property and, in fact, La Duca had borrowed money on the property and built a home on one of the lots. Presumably, from the record, since June, 1964, La Duca has been paying the taxes and keeping up the property.
Schordene on January 21, 1965 filed complaint against La Duca praying that her deed of May 5, 1958, be set aside because of undue influence and failure of consideration. La Duca interposed numerous defenses, including a general and specific denial of any wrongdoing or overreaching on his part. There was a full, non-jury, *430 trial before the Court. On October 1, 1968, the Court entered final judgment in favor of La Duca and against Schordene, after reciting that the Court had “had the benefit of having before it the testimony of respective parties to this cause, the depositions offered and received into evidence, exhibits and argument of counsel for each of the parties as to matters and issues of fact and law”. Schordene has appealed to this Court and urges as error the entry of said final judgment. We agree with the lower Court and affirm.
No good purpose may be subserved in reviewing in further detail the evidence adduced by the numerous witnesses personally, by deposition, and by answers to interrogatories. The able Circuit Judge had all the parties before the Court, heard personally the sworn evidence adduced, evaluated personally all the exhibits introduced in the case, and otherwise had a conspicuous advantage in evaluating both the witnesses and their testimony. No legal improprieties attended execution of the original deed from Schordene. Her own daughter Veronica was one of the grantees therein. Thereafter everything went along serenely until June, 1964, when Veronica conveyed by quitclaim to La Duca all her interest in the property, simultaneously with procuring a divorce from him. The instant suit was not filed until almost seven years after Schordene executed the deed which she now seeks to have cancelled. This is the only deed involved, as to validity, in this litigation. The deed in June, 1964 from Veronica to La Duca is not challenged.
We have meticulously examined the record brought here and find ample evidence therein to sustain the conclusions reached by the Circuit Judge. This was essentially a fact case, the Circuit Judge has resolved those facts, and the record sustains his determination. The final judgment appealed is therefore—
Affirmed.
HOBSON, C. J., and MANN, J., concur.